Mark Eldridge
ADEMI LLP
3620 E Layton Ave #103,
Cudahy, WI 53110
(414) 482-8000
meldridge@ademilaw.com

Benjamin J. Sweet (PA Bar No. 87338)
ben@nshmlaw.com
NYE, STIRLING, HALE & MILLER, LLP
1145 Bower Hill Road, Suite 104
Pittsburgh, Pennsylvania 15243
Telephone: (412) 857-5350

Jonathan D. Miller (CA Bar No. 220848)
jonathan@nshmlaw.com
Alison M. Bernal (CA Bar No. 264629)
alison@nshmlaw.com
NYE, STIRLING, HALE & MILLER, LLP
33 West Mission Street, Suite 201
Santa Barbara, California 93101
Telephone: (805) 963-2345
Facsimile: (805) 284-9590

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| ELIZABETH WOOD, <br><br> Plaintiff, <br><br> against <br><br> NOW OPTICS HOLDINGS, LLC; NOW OPTICS, LLC; and, DOES 1-10, <br><br> Defendants. | Case No. 22-cv-398 <br><br> COMPLAINT |

Elizabeth Wood by and through her attorneys, ADEMI LLP, and NYE, STIRLING, HALE & MILLER, LLP, and as and for her Complaint in this matter against Defendants NOW OPTICS HOLDINGS, LLC; NOW OPTICS, LLC, and DOES 1-10, states and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Elizabeth Wood, who is a Wisconsin resident living with a disability, brings this action under Title II and III of the American with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("Section 504"), Section 1557 of the Affordable Care Act ("ACA"), and Wis. Stat. Ann. § 106.52, to remedy Defendants Now Optics Holdings, LLC and Now Optics, LLC's failure to provide her with accessible access to its goods and services.

2. Plaintiff has a mobility disability stemming from multiple sclerosis, and complications after suffering multiple strokes. Plaintiff utilizes a wheelchair for mobility purposes. Plaintiff is limited in the major life activity of walking.

3. Defendants Now Optics Holdings, LLC, Now Optics, LLC, and Does 1 through 10 (collectively "Defendants" or "Stanton Optical") discriminated against Plaintiff by violating the ADA, Section 504, the ACA's accessibility guidelines, and Wis. Stat. Ann. § 106.52 resulting in the denial of service and other significant access barriers at Defendants' facilities. Specifically, Plaintiff presented for her eye appointment but was told that the eye examination could not be performed because she was in a wheelchair and Defendants' refusal to allow her to be transferred. This prevented Plaintiff access to needed medical care with Defendants.

4. Plaintiff brings this action individually to compel Defendants to cease unlawful discriminatory practices and update its policies and procedures to bring them in compliance with the law. This will ensure Plaintiff is able to access her eye examinations and obtain full and equal

enjoyment and a meaningful opportunity to participate in, and benefit from, Defendants' services. Plaintiff seeks declaratory, injunctive, compensatory, and equitable relief and attorneys' fees and costs to redress Defendants' unlawful discrimination on the basis of disability in violation of Title III of the ADA, 42 U.S.C. § 12101 et seq., Section 504 of the Rehabilitation Act, Section 1557 of the ACA, and Wis. Stat. Ann. § 106.52.

5. Plaintiff has visited Defendants' facilities in Oak Creek, Wisconsin, and was denied full and equal access as a result of Defendants' deliberate indifference to the accommodation requests made by persons with disabilities. Defendants denied Plaintiff equal access to its facilities because the staff denied Plaintiff access to its services, and its facilities did not provide appropriate wheelchair access as required by the ADA, Rehabilitation Act, the ACA, and Wis. Stat. Ann. § 106.52.

6. By denying Plaintiff access to its goods and services—all benefits it affords nondisabled individuals—Defendants increase the sense of isolation and stigma among disabled Americans that Title III of the ADA is meant to redress.

7. Defendants has demonstrated through their interactions with Plaintiff that they have adopted a policy and/or pattern and practice of refusing to provide accessible examinations to the disabled, and that its policy, on information and belief, is based purely on financial considerations, that resulted in the violation of Plaintiff's civil rights. On information and belief it is further alleged that Defendants' policies are not in compliance with the law and specifically failed, at all times relevant to the claims at issue, to require that primary consideration be given to the Plaintiff's request for accommodation or that the reasons why primary consideration could not be provided be documented in writing.

8. Defendants has further demonstrated through its interactions with Plaintiff that Defendants' employees are not properly trained regarding providing appropriate accommodations under the civil rights laws stated herein, including but not limited to, providing primary consideration to requests for accommodations or documenting the reasons why those requests cannot be provided.

9. Defendants' discrimination sends a message that it is acceptable for places of public accommodation to adopt policies, procedures, and practices that deprive mobility-impaired individuals of the opportunity to be full partners in their receipt of services.

10. The ADA expressly contemplates retroactive and prospective injunctive relief aimed at modification of a policy or practice that Plaintiff seeks in this action. In relevant part, the ADA states:

> Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods…
> 42 U.S.C. § 12188(a)(2).

11. Consistent with 42 U.S.C. § 12188(a)(2), and as more fully outlined in Plaintiff's prayer for relief, Plaintiff seeks a permanent injunction that provides both retroactive and prospective relief and requires:

   a. Defendants take all steps necessary to bring policies regarding accessibility to the disabled into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that disabled persons have access to its services;

   b. Defendants change their policies and practices so that the disability discrimination at Defendants' facilities do not reoccur;

  c. Defendants continue to provide its employees adequate training on their policies to avoid recurrence; and

  d. Plaintiff's representatives monitor Defendants' facilities for a reasonable period of time in the future as proscribed by this Court to ensure the injunctive relief ordered pursuant to Paragraph 11.a., 11.b., and 11.c. has been implemented and will remain in place.

## **PARTIES**

12. Plaintiff Elizabeth Wood is, and at all times relevant hereto was, a resident of Wisconsin. Plaintiff was diagnosed with multiple sclerosis, a chronic disease that affects the central nervous system. Plaintiff has also suffered multiple strokes. Ms. Wood uses a wheelchair for mobility.

13. Plaintiff attempted to access her appointment scheduled for May 6, 2021 at the Stanton Optical location, 120 W Town Square Way #700, Oak Creek, Wisconsin, 53154.

14. Defendant Now Optics, LLC is a Florida limited liability company with its principal office at 3801 S. Congress Avenue, Palm Springs, Florida, 33461, doing business in Wisconsin as the owner and/or operator of nine Stanton Optical locations. Defendant participated in the Paycheck Protection Program from the Federal Government.

15. Defendant Now Optics Holdings, LLC is a Florida limited liability company with its principal office at 3801 S. Congress Avenue, Palm Springs, Florida, 33461, doing business in Wisconsin as the owner and/or operator of nine Stanton Optical locations. Defendant received Paycheck Protection Program from the Federal Government.

16. Defendants' facilities are places of public accommodation as defined in 42 U.S.C. §12181(7)(F) and Defendants is subject to the requirements of the ADA, the Rehabilitation Act, the ACA, and Wis. Stat. Ann. § 106.52.

17. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as Does 1 through 10, are unknown to Plaintiff at this time. Plaintiff will amend this Complaint to allege their true names and capacities when known. Plaintiff is informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this Complaint.

18. Plaintiff alleges that Defendants, including Doe Defendants, and each of them at all times mentioned in this Complaint were the alter egos, agents and/or employees and/or employers of their Co-Defendants and in doing the things alleged in this Complaint were acting within the course of such agency and/or employment and with the permission and consent of their Co-Defendants.

## FACTUAL BACKGROUND

**Plaintiff Has Been Denied Full and Equal Access to Defendants' Facilities**

19. Plaintiff visited Defendants' location at 120 W Town Square Way #700, Oak Creek, Wisconsin, 53154, for her appointment scheduled for May 6, 2021. When Ms. Wood scheduled the appointment, Ms. Wood asked if the location was wheelchair accessible and the staff member had told her that it was.

20. When Plaintiff presented to Defendants' location with her caretaker, she went to the desk and introduced herself to Defendants' staff member. Ms. Wood stated that she had an appointment scheduled to have her eyes examined and asked the staff member if she could have help transferring from her wheelchair to the Doctor's chair. Plaintiff's caretaker, Darcy Hide,

then stated that she would be able to help Ms. Wood transfer to the Doctor's chair. The staff member refused to let Ms. Wood ambulate to the Doctor's chair and stated that she cannot allow Ms. Wood to proceed with her appointment because "[Stanton Optical] does not see people like you," due to what she described as a prior incident at the facility. At this point, Ms. Hide stated that it was discriminatory to not allow Ms. Wood to proceed with her eye examination because of her disability. Stanton Optical's staff member stated, "we can do what we want." Feeling humiliated and embarrassed, Ms. Wood asked to speak to the manager, to which the staff member told her that she was the manager and she will not allow her to be examined today.

21. As a result of Defendants' denial of service to Plaintiff, Plaintiff was left humiliated, embarrassed, and discriminated against. Plaintiff was subjected to discriminatory treatment because of her disability. This is especially frustrating to Plaintiff because she had called in advance and confirmed that there would be accommodations made in order for her to receive her examination.

22. Despite this difficulty, frustration, and unequal treatment, Plaintiff will seek Defendants' services in the future, because of the proximity of Defendants' facilities to her home. Specifically, Plaintiff will have to return to Defendants' facilities and anticipate being required to do so in order to have additional eye examinations, but is deterred from doing so due to the discrimination she has faced and expect to face in the future. Furthermore, Plaintiff intends to return to Defendants' facilities to ascertain whether those facilities remain in violation of accessibility standards.

## JURISDICTION AND VENUE

23. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

24. This Court has personal jurisdiction over Defendants because Defendants has sufficient minimum contacts with Wisconsin, or has otherwise purposely availed itself of the markets in Wisconsin through the promotion, marketing, and sale of its products and services in Wisconsin to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. Specifically, Defendants is registered to do business in Wisconsin and has been doing business in Wisconsin.

25. Venue is proper under 28 U.S.C. § 1391(a) and (b)(2) because Defendants is subject to personal jurisdiction in this District. Defendants does substantial business in this District, maintains a hospital in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District. Defendants engaged in the extensive promotion, marketing, distribution, and sales of the services at issue in this District.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE ADA, TITLE III

## [42 U.S.C. §§ 12101 et seq.]

26. Plaintiff restates each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

27. At all times relevant to this action, Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181, et seq. was in full force and effect and applied to Defendants' conduct.

28. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, were in full force and effect and applied to the Defendants' conduct.

29. At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of walking. Accordingly, she is considered an individual with a disability as defined under the ADA, 42 U.S.C. §§ 12102(1), (2); 28 C.F.R. § 36.105(d)(2)(iii).

30. Defendants owns, leases, and/or operates a comprehensive system of specialty services, that are places of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(F).

31. Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations." 42 U.S.C. § 12182(a), and the Title III implementing regulation at 28 C.F.R. Part 36.

32. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation cannot deny participation or offer unequal or separate benefits to individuals with disabilities. 42 U.S.C. § 12182(b)(1)(A); 28 C.F.R. §§ 36.202.

33. Pursuant to Title III of the ADA and its implementing regulations it "shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

34. Defendants discriminated against Plaintiff on the basis of her disability by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of its places of public accommodation, and equal opportunity to participate in and benefit from Defendants' health care services, in violation of the ADA.

35. As set out above, absent injunctive relief there is a clear risk that Defendants' actions will recur with Plaintiff and/or other mobility-impaired persons seeking Defendants' health care services.

36. Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1) and/or common law.

## SECOND CAUSE OF ACTION

## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

37. Plaintiff incorporates the allegations in the preceding paragraphs, as if alleged herein.

38. Plaintiff is an individual with a disability protected by Section 504 of the Rehabilitation Act. *See* 29 U.S.C. § 794(a); 45 C.F.R. § 84.3(j).

39. Defendants is a recipient of federal financial assistance through its received PPP loans and is therefore subject to Section 504 of the Rehabilitation Act and its implementing regulations. See 29 U.S.C. § 794; 45 C.F.R. § 84.3(h).

40. Section 504 of the Rehabilitation Act provides that no qualified individual with a disability shall be subjected to disability-based discrimination under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a).

41. Discrimination includes failing to "[a]fford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others," or providing qualified handicapped persons with "an aid, benefit, or service that is not as effective as that provided to others." 45 C.F.R. § 84.4(b)(1)(ii)-(iii); see 45 C.F.R. § 84.52(a)(2)-(3).

42. Section 504 requires health programs or activities that receive federal financial assistance and that have at least fifteen employees to provide auxiliary aids and services, to individuals who are mobility-disabled and use wheelchairs. 45 C.F.R. § 84.52(b), (d).

43. A recipient may not directly or through contractual, licensing, or other arrangements, discriminate on the basis of disability. 45 C.F.R. § 84.4(b)(1).

44. Defendants' provision of health care constitutes a program or activity receiving federal financial assistance and, as recipients, they are required to ensure that both they and their contractors comply with Section 504 of the Rehabilitation Act.

45. Defendants have failed and is failing to meet its obligation to provide mobility-impaired individuals an equal opportunity to use and benefit from its health care programs and activities. In denying service to wheelchair patients like Plaintiff, Defendants have refused to provide the auxiliary aids and services necessary to provide such patients medical treatment in an equally effective and timely manner that protects their privacy and independence.

46. Plaintiff was denied access to Defendants' services based solely on her disability.

47. As a result of Defendants' actions and omissions, Plaintiff and other mobility-impaired individuals have suffered and will continue to suffer irreparable harm: they have suffered and continue to suffer from discrimination and unequal access to Defendants' services. If there is no change in the status quo, Plaintiff and other mobility-impaired individuals will be denied their right to access and engage fully in the provision of the services.

48. Defendants' failure to meet its obligations to accommodate mobility-impaired patients in an effective manner constitutes an ongoing and continuous violation of the ADA and the Rehabilitation Act, and their implementing regulations. Unless restrained from doing so, Defendants will continue to violate the ADA and the Rehabilitation Act. Unless enjoined,

Defendants' conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

49. Defendants' refusal to accommodate mobility-impaired patients in an equally effective manner, through the provision of alternative formats, was done intentionally or with deliberate indifference to the protected rights of Plaintiff and other mobility-impaired individuals.

50. Plaintiff is entitled to injunctive relief, as well as reasonable attorneys' fees and costs. Plaintiff is also entitled to compensatory damages.

## THIRD CAUSE OF ACTION

## VIOLATION OF SECTION 1557 OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT

**[42 U.S.C. § 18116]**

51. Plaintiff incorporates the allegations in the preceding paragraphs, as if alleged herein.

52. Since March 2010, there was in full force and effect a statute known as the Patient Protection and Affordable Care Act (the "Affordable Care Act"), 42 U.S.C. § 18001, *et seq.*, Pub.L. 111-148. Section 1557 of the Affordable Care Act prohibits discrimination on the basis of race, color, national origin, sex, age, or disability in certain health programs and activities. 42 U.S.C. § 18116. Section 1557's implementing regulations, 45 C.F.R. §§ 92.1 – 92.203, effective as of July 18, 2016, and affirmed as of June 12, 2020, apply to health programs or activities administered by recipients of Federal financial assistance from the Department of Health and Human Services (the "Department").

53. Defendants received PPP loans from the federal government in 2020. As a result, Defendants is a covered entity under Section 1557.

54. The implementing regulations of Section 1557 prohibit discrimination of an individual on the basis of disability, *inter alia*, and prohibit an individual from being excluded from participation in, denied the benefits of, or otherwise be subjected to discrimination under any health program or activity. *See* 45 C.F.R. §§ 92.2(a); 92.103; and 92.105.

55. Where the regulatory provisions use the term "public entity," the term "covered entity" shall apply in its place. As applied to Section 1557 covered entities, the Title II regulations require them to "make reasonable modifications to its policies, practices, or procedures when such modifications are necessary to avoid discrimination on the basis of disability . . . For the purposes of this section, the term "reasonable modifications" shall be interpreted in a manner consistent with the term as set forth in the regulation promulgated under Title II of the Americans with Disabilities Act, at 28 CFR 35.130(b)(7)." *See* 45 C.F.R. § 92.105.

56. Defendants had a duty under Section 1557 to accommodate Plaintiff's disability by providing accessibility to their services, including reasonable modifications to policies, practices, or procedures that would allow the Plaintiff effective, independent access to Defendants' services.

57. Defendants' acts and omissions violated Section 1557 and its implementing regulations as Defendants denied Plaintiff access to its services based on her disability.

58. Section 1557's implementing regulations provide that the enforcement mechanisms available for and provided under Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act, *inter alia*, shall be available for purposes of Section 1557 as implemented by this part." *See* 45 C.F.R. § 92.5.

59. Defendants' conduct constituted violations of Section 1557.

60. Defendants' conduct constitutes ongoing and continued violations of Section 1557. Unless restrained from doing so, Defendants will continue to violate Section 1557. This conduct, unless enjoined, will inflict injuries on Plaintiff.

61. Section 505(a)(2) of the Rehabilitation Act, 29 U.S.C. § 794(a)(2), states the "remedies, procedures and that the rights set forth in title VI of the Civil Rights Act of 1964 [being 42 U.S.C. § 2000(d) *et sequitur*] shall be available" for violations of section 504 of the Rehabilitation Act. By law, such remedies include compensatory monetary damages. *Barnes v. Gorman*, 536 U.S. 181 (2002).

62. As a direct and proximate result of the foregoing, Plaintiff suffered the loss of a civil right and she suffered great mental anguish; and she will continue so to suffer for a long time in the future; and Plaintiff was otherwise injured and damaged.

63. Plaintiff is entitled to reasonable attorneys' fees and costs, pursuant to section 505(b) of the Rehabilitation Act, 29 U.S.C. § 794a.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WISCONSIN LAWS AGAINST DISCRIMINATION, WIS. STAT. ANN. § 106.52.

64. Plaintiff incorporates the allegations in the preceding paragraphs, as if alleged herein.

65. At all times relevant to this action, Wis. Stat. Ann. § 106.52 was in full force and effect and applied to Defendants' conduct.

66. Discrimination in a place of public accommodation is actionable under this section of the Wisconsin law. *See* Wis. Stat. Ann. § 106.52 (4)(e)(1).

67. At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of walking. Plaintiff has a disability, as defined in Wis. Stat. Ann. § 106.50(1m)(g).

68. Defendants own, lease, and/or operate health care services, including numerous locations, that are places of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(F), and Wis. Stat. Ann. § 106.52 (1)(e)(1).

69. Pursuant to Wis. Stat. Ann. § 106.52 (3)(a)(1), a public accommodation cannot deny participation or offer unequal or separate benefits to individuals with disabilities based upon their disability. Specifically, it states,

> No person may [ ] Deny to another or charge another a higher price than the regular rate for the full and equal enjoyment of any public place of accommodation or amusement because of sex, race, color, creed, disability, sexual orientation, national origin or ancestry.

70. It is discrimination for a place of public accommodation, such as Defendants' facilities, to "[r]efuse to permit entrance into, or use of, or otherwise deny the full and equal enjoyment of any public place of accommodation or amusement to a person with a disability or to a service animal trainer because the person with a disability or the trainer is accompanied by a service animal." Wis. Stat. Ann. § 106.52 (3)(am)(1)(a).

71. Further, "A public place of accommodation or amusement shall modify its policies, practices, and procedures to permit the full and equal enjoyment of the public place of accommodation . . ." Wis. Stat. Ann. § 106.52 (3)(am)(4).

72. Defendants discriminated against the Plaintiff on the basis of her disability by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages,

and/or accommodations of their places of public accommodation, and equal opportunity to participate in and benefit from Defendants' health care services, in violation of Wis. Stat. Ann. § 106.52.

73. As set out above, absent injunctive relief there is a clear risk that Defendants' actions will recur with Plaintiff and/or other mobility-impaired persons seeking Defendants' health care services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant the following relief:

A. Accept jurisdiction of this case and declaring the policies, procedures, and services of the Defendants are discriminatory and violate the Rehabilitation Act, the ADA, the ACA, and Wis. Stat. Ann. § 106.52;

B. Issue a permanent injunction providing both retroactive and prospective relief as follows:

    1. Directing Defendants to evaluate and make reasonable modifications to its policies, practices, and procedures as it relates to persons with disabilities remove all barriers at Stanton Optical that are readily achievable and technically feasible as required by law, and to take all such steps as are reasonable and necessary in the future to ensure that persons with disabilities are no longer excluded, denied services, segregated, or otherwise treated differently and discriminated against;

    2. Requiring Defendants ensure that individuals with disabilities, as defined by applicable law, are afforded equal access to its facilities and services, including, but not limited to, altering Stanton Optical, to make it

accessible to and usable by, individuals with disabilities to the extent required by the Rehabilitation Act, the ADA, the ACA, and Wis. Stat. Ann. § 106.52;

3. Requiring Defendants train all staff who interact with patients on the requirements of Title III of the ADA, the Rehabilitation Act, the ACA, Wis. Stat. Ann. § 106.52, as they apply to healthcare facilities and on techniques for safely and reasonably accommodating individuals with disabilities to ensure equal access to its facilities and services;

4. Requiring Defendants to incorporate the training referenced in the above paragraph into its new employee orientation for all future Defendants' employees who will have contact with Defendants' patients;

5. Requiring Defendants to notify Plaintiff and her counsel if any individual brings any lawsuit, complaint, charge, or grievance alleging that it failed to provide any aid or service to an individual with a disability at Stanton Optical. Such notification must be provided in writing within thirty (30) days of the day when either entity has received notice of the allegation and will include, at a minimum, the nature of the allegation and any documentation possessed by Defendants or any of its agents or representatives relevant to the allegation;

6. Requiring Defendants to issue to Plaintiff and her counsel an annual report within twelve (12) months of the date of an injunction demonstrating compliance with the terms of this Court's injunction, and continuing to be provided on an annual basis for a period of five (5) years. The reports

should include updated employee policies, procedures, and training records to establish that Defendants has complied with this Court's injunction;

7. Allowing Plaintiff, her counsel, and her experts to conduct one site per year for a period of five (5) years of the Stanton Optical at issue upon forty-eight (48) hours written notice by Plaintiff to the facility;

E. Awarding reasonable attorneys' fees, expert fees, costs, and expenses to Plaintiff;

F. Awarding compensatory damages for the intentional discrimination, humiliation, distress, and anxiety suffered by Plaintiff, pursuant to Section 504 of the Rehabilitation Act, Section 1557 of the ACA, and Wis. Stat. Ann. § 106.52.

G. Awarding such other and further relief as the Court deems necessary, just, and proper; and,

H. Retain jurisdiction of this case until the Defendants has fully complied with the orders of this Court.

Dated: March 30, 2022                                      Respectfully Submitted,


                                                */s/ Mark A. Eldridge*_____
Mark Eldridge
**ADEMI LLP**
3620 E Layton Ave #103,
Cudahy, WI 53110
(414) 482-8000
meldridge@ademilaw.com

Benjamin J. Sweet
ben@nshmlaw.com
**NYE, STIRLING, HALE & MILLER, LLP**
1145 Bower Hill Road, Suite 104,
Pittsburgh, PA 15243
Phone: (412) 742-0631

Jonathan D. Miller
Alison Bernal
jonathan@nshmlaw.com
**NYE, STIRLING, HALE & MILLER, LLP**
33 W. Mission Street, Suite 201
Santa Barbara, CA 93101
Phone: (805) 963-2345

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff Elizabeth Wood hereby demands a trial by jury of all claims so triable in the above-referenced matter.

Dated: March 30, 2022					Respectfully Submitted,

*/s/ Mark A. Eldridge*
Mark Eldridge
**ADEMI LLP**
3620 E Layton Ave #103,
Cudahy, WI 53110
(414) 482-8000
meldridge@ademilaw.com

Benjamin J. Sweet
ben@nshmlaw.com
**NYE, STIRLING, HALE & MILLER, LLP**
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243
Phone: (412) 742-0631

Jonathan D. Miller
jonathan@nshmlaw.com
Alison M. Bernal
alison@nshmlaw.com
**NYE, STIRLING, HALE & MILLER, LLP**
33 W. Mission Street, Suite 201
Santa Barbara, CA 93101
Phone: (805) 963-2345

*Attorneys for Plaintiff Elizabeth Wood*